CARLTON *et al. v.* THIRD NATIONAL BANK OF ATLANTA
*et al.*

1. Under the evidence submitted on the issues made by the pleadings in the case, the jury were authorized to find that one of the defendants, who is one of the plaintiffs in error, was not a mere accommodation party to the promissory note sued on in this case, but that on the contrary he received value for his indorsement of the paper.

2. One portion of the charge to the jury is excepted to on the ground that it is not authorized by the evidence. In view of the evidence contained in the record the exception is not well taken.

3. Several grounds of the motion for new trial complain that the verdict

was contrary to the charge. This, as has been frequently ruled, amounts to the contention that the verdict was contrary to law, and requires no other examination or consideration than that given to the general ground contained in the motion, that the verdict is contrary to law.

4. The other grounds of the motion for a new trial, complaining that the verdict is contrary to certain parts of the evidence, or that a contrary verdict was demanded by portions of the evidence specifically pointed out, are necessarily included in the general ground that the verdict was contrary to evidence and without evidence to support it; and as to that ground the court is of the opinion that the evidence, though conflicting, supports the verdict.

No. 2603. FEBRUARY 16, 1922.

Complaint. Before Judge Thomas. Colquitt superior court. November 1, 1920.

The Third National Bank of Atlanta brought suit against W. A. Oliff, W. E. Saunders, Thad Adams, and John A. Carlton, upon two promissory notes, alleging that Oliff was liable as maker, Saunders and Carlton as sureties, and Adams as indorser. The defendants filed their several pleas and answers. At the April term of the court, on April 11, 1919, the case came on for trial, and the jury returned a verdict in favor of the plaintiff for the principal sum of $2,000, together with interest and attorney's fees; and on the same day the court rendered judgment in favor of the plaintiff against the defendants. In the judgment it is recited that "it is further ordered that the rights and equities of the several defendants as between themselves shall be held and preserved in court for future determination." Certain of the defendants had filed pleas showing that they were mere sureties; others set up that they were indorsers. Carlton alleged that he had indorsed the note after it had been negotiated by Adams, and the money for which it was discounted was turned over to Adams; and that he was not liable upon the note in any capacity. Before judgment was rendered and on the same day upon which the verdict was returned, Oliff and Saunders, by leave of the court, amended their answers theretofore filed, and alleged in substance that before and at the date of the note sued on "the defendants W. A. Oliff and Thad Adams were stockholders in a mercantile corporation located in the city of Doerun, in Colquitt County, Georgia, known as the Adams-Oliff Company, and that at the date of the notes sued on and for some time previous thereto the said corporation was in financial straits, and that the said Thad Adams, who was the financial agent of said corporation, made a

proposition to the said W. A. Oliff that if he, the said Oliff, would make him a note for the sum of $2,000.00 and secure the indorsement of W. E. Saunders, that the said Adams would discount the same at some Atlanta bank, and would use the proceeds of the same in connection with $2,000.00 which he, the said Adams himself, would raise, in relieving the necessities of the said Adams-Oliff Company. With this understanding, the defendant Oliff approached the said Saunders, who is the uncle of the said Oliff, and requested and secured his indorsement on said note, telling the said Saunders fully, at the time, the purpose for which the note was to be used." The said defendants further pleaded that Saunders was merely an accommodation indorser, and received no consideration for his indorsement; that Adams, at the date of the note, was engaged in a partnership business · with the defendant Carlton in the City of Atlanta under the firm name and style of Carlton Supply Company, unincorporated, and that this company was also in financial straits; that Adams having procured the funds by the discount of the note referred to, used the proceeds for the benefit of the Carlton Company instead of for the Adams-Oliff Company, as he had agreed to do; and in the answer further charged that the defendant Carlton was a party to the fraudulent diversion of the proceeds of the note, and knew the purpose for which the note was executed by Oliff. The defendants charged that the business of the Carlton Supply Company had been dissolved and had no assets; that the conversion of the funds, the proceeds of the discounted note, and the application of the same to the use and benefit of the Carlton Supply Company constituted actual fraud upon these two defendants. They admitted the right of the Third National Bank of Atlanta to recover against all of the defendants, but prayed that in order to protect the rights and equities of the parties, including these two defendants, the judgment and decree be so molded that in the event the defendants are· called upon to pay any part of the same they be subrogated to the rights of the plaintiff, and that they have judgment against the other codefendants, Adams and Carlton. There was also a prayer for general relief.

The jury upon the trial of the issues made by this amended plea returned a verdict in favor of W. E. Saunders, finding that his liability upon the note sued upon was that of a second indorser

only, and that the liability of Oliff was that of maker; and that the liability of Adams and of Carlton was that of first indorser; finding further, that Saunders recover in full against Oliff, Adams, and Carlton, without liability for an accounting or contribution to them. This verdict was made the judgment and decree of the court. Adams and Carlton made a motion for a new trial, which was overruled, and the judgment overruling it is brought here for review.

*W. F. Way* and *Shipp & Kline,* for plaintiffs in error.

*W. A. Covington, Dowling & Askew,* and *Hill & Gibson,* contra.

ATKINSON, J. (After stating the foregoing facts).

1. One ground of the motion for new trial is based upon the contention that " the cause of action that W. E. Saunders had against the defendants, if he had any, grew out of acts that took place subsequent to and long after the said notes had been executed and indorsed and discounted, and what right, if any, the said Saunders had against these defendants could not be maintained in the present action to declare the liability of indorsers; for such rights, if any existed, would have to be adjudicated in suit brought against Thad Adams and John A. Carlton in tort." This ground is without merit. The defendants did not demur to the equitable plea of Saunders, which distinctly sets forth the equitable grounds upon which he relied to recover. Besides this, there is evidence to show that Carlton was not a mere accommodation party. It is true that the money had been paid over by the National Bank to Adams before Charlton indorsed the note; but there is sufficient evidence to authorize the jury to find that at the time the note was discounted Adams, who was Carlton's partner, stated to the bank that he would ask Carlton also to indorse it, and upon this statement made to the bank, that he would ask Carlton to indorse the notes, Erwin, acting for the bank, agreed to discount the notes, or as Adams states in his own language: " in other words, Mr. Carlton was satisfactory to him [Erwin, for the bank]. On that date I had my bank book fixed up, and the deposit from the discount of the notes placed to my credit." There was evidence from which the jury were authorized to find that the proceeds of the note discounted were not used for the Adams-Oliff Company, as Adams and Oliff understood it should be, but were used for the Carlton Supply Company, a partnership composed of

Carlton and Adams. Oliff testified positively that Adams admitted this to him; and the jury were authorized to believe Oliff as against Adams, and they were not compelled to disbelieve Oliff merely because he had made an untrue statement to a certain mercantile agency. Whether his evidence satisfactorily explains this statement was a question for the jury. Besides, this testimony was not without corroborating circumstances. The fact that Carlton indorsed the paper was one circumstance strengthening the theory that the proceeds of the note were used for the Carlton Supply Company. Carlton explains why this was done; but the jury, under all the evidence, were not compelled to accept Carlton's statement. The jury were authorized to find that Carlton was not a mere accommodation party.

2-4. Headnotes 2, 3, and 4, read in connection with the statement of facts, sufficiently deal with the other questions raised by the motion for new trial.

<div align="center">

*Judgment affirmed. All the Justices concur.*